UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. GAMBOA, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02744-EMC<br><br>**ORDER EXTENDING DEADLINE FOR AMENDED COMPLAINT; AND DENYING PLAINTIFF'S DISCOVERY MOTIONS**<br><br>Docket Nos. 46, 56, 57, 64 |

Plaintiff's request for an extension of the deadline to file his amended complaint is **GRANTED**. Docket No. 64. Plaintiff must file his amended complaint no later than **July 15, 2022.**

Plaintiff's motions to compel discovery are **DENIED**. *See* Docket Nos. 46, 57. Plaintiff argues that Defendants have failed satisfactorily to respond to certain interrogatories, and asks the Court to order Defendants to respond to Plaintiff's satisfaction. *See id*. Courts should not consider a motion to compel unless the moving party provides a certification which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). Additionally, the moving party must actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery dispute without court intervention. *Id.* To accomplish the underlying policy of Fed. R. Civ. P. 37(a)(1) and Local Rule 37-1, the moving party must include more than a cursory statement that he attempted to confer, and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between

the parties." *Id.* at 171.  A good faith attempt to resolve the discovery dispute without court intervention involves more than "the perfunctory parroting of statutory language on the certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery dispute through non judicial means."  *Id.*

Here, Defendants explain that they provided supplemental responses to Plaintiff's interrogatories at his request, and that he failed to meet and confer with them regarding any perceived defects in those supplemental responses before filing motions to compel.  *See* Docket Nos. 54, 65.  Accordingly, Plaintiff's motion to compel must be denied.  If Plaintiff is unsatisfied with Defendants' supplemental responses, he must meet and confer with Defendants about any perceived defects in the supplemental responses, and give Defendants the chance to remedy those defects, before asking this Court to compel responses.  Because Plaintiff did not do so, his motions to compel are denied.  Plaintiff's requests for the Court to sanction Defendants for their discovery responses, and for the Court's "administrative assistance" in obtaining discovery, are denied for the same reasons.  Docket Nos. 56, 58.

The Court notes that Plaintiff moved for a refund of filing fees, Docket No. 63, and then subsequently withdrew that motion, Docket No. 66.  The Clerk shall terminate these two motions.

The Court asks that Plaintiff attempt to write more neatly in his future filings.  The motions addressed in this order are illegible in part.  The Court cannot grant Plaintiff relief if it cannot read his requests.

This order disposes of Docket Nos. 46, 56-58, 63-64, and 66.

**IT IS SO ORDERED**.

Dated: June 16, 2022

_____
EDWARD M. CHEN
United States District Judge